IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILMA KPOHANU,                                              :

          Petitioner,                    :         Criminal No. 2:05-CR-250(2)
                                             (Civil Action: 2:11 CV 903)

       vs.                              :

UNITED STATES OF AMERICA,               :         JUDGE FROST
                                         MAGISTRATE JUDGE KEMP

          Respondent     :

## RESPONDENT'S REQUEST TO HOLD RESPONDENT'S ANSWER IN ABEYANCE

Now comes the United States, by and through the United States Attorney, and requests this Court to hold Respondent's answer in abeyance until the Petitioner files a waiver of her attorney-client privilege.

## MEMORANDUM IN SUPPORT

Petitioner WILMA KPOHANU has moved the Court pursuant to 28 U.S.C. § 2255 to set aside her conviction and sentence upon various claims, including that of ineffective assistance of counsel.  (Docket Number 134).  On October 19, 2011, Magistrate Judge Kemp granted a time extension to the United States Attorney for the Southern District of Ohio, moving the date to respond to Petitioner's motion to November 25, 2011. (Docket Number 142).  Counsel for Petitioner KPOHANU will be unable to respond to the allegations and claims of the Petitioner or assist the United States in fashioning a reply unless the Petitioner waives the attorney-client privilege.

A client may waive the privilege by conduct that implies a waiver of the privilege. *United States v. Dakota*, 197 F.3rd 821, 825 (6th Cir. 1999) (citing *In re von Bulow,* 828 F.2d 94, 104 (2d Cir. 1987).   Moreover, numerous federal courts, including the 6th Circuit, have held that the attorney-client privilege is impliedly waived when an ineffective assistance of counsel claim is made.  *See, e.g., In re Lott,* 424 F.3d. 446, 453 (6th Cir. 2005) (stating that "[t]he implied waiver in habeas proceedings [is] the result of a petitioner's assertion of his own counsel's ineffectiveness."); *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir. 2001) (holding that by bringing an ineffective assistance claim, §2255 movant waives attorney-client privilege with respect to conversations that bare on strategic choices made during representation).

While Petitioner's conduct implies a waiver of the attorney-client privilege, and she challenges her conviction by raising an issue that makes privileged communications relevant, the Government requests this Court hold respondent's answer in abeyance until the Petitioner files a waiver of her attorney-client privilege.

Respectfully submitted,

CARTER M. STEWART
United States Attorney


s/Douglas W. Squires
DOUGLAS W. SQUIRES (0073524)
Assistant United States Attorney
303 Marconi Boulevard
Suite 200
Columbus, Ohio  43215
(614) 469-5715
Fax:  (614) 469-5653
Douglas.Squires @usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion to hold respondent's answer in

abeyance was served this 18th day of November, 2011 by regular mail on:

Wilma Kpohanu 66786-061
Alderson
Federal Prison Camp
Glen Ray Road Box A
Alderson, WV 24910

.

s/Douglas W. Squires
DOUGLAS W. SQUIRES (0073524)
Assistant United States Attorney