IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Wilma Kpohanu, | : | |
| Petitioner | : | |
| v. | : | Case No. 2:11-cv-903 |
| | | Case No. 2:05-cr-250 |
| United States of America, | : | JUDGE GREGORY L. FROST |
| | | Magistrate Judge Kemp |
| Respondent. | : | |

### AFFIDAVIT OF COUNSEL
### KORT W. GATTERDAM, ESQUIRE

COUNTY OF FRANKLIN )
                         ) SS:
STATE OF OHIO            )

1. My name is Kort W. Gatterdam, and I was retained to advise and represent Wilma Kpohanu in the above-captioned matter.

2. I have reviewed a copy of the § 2255 motion that was filed *pro se* by Ms. Kpohanu on October 7, 2011. I have also been provided a copy of a waiver of attorney-client privilege filed with the Court in support of the § 2255 motion.

3. On December 1, 2005, the grand jury returned a three count indictment, charging the Petitioner with two counts of health care fraud under 18 U.S.C. § 1347 and one count of making false statements relating to health care under 18 U.S.C. § 1035. On June 27, 2006, a superseding indictment was returned by the grand jury, charging the petitioner with one count of health care fraud under 18 U.S.C. § 1347 and two counts of making false statements relating to health care under 18 U.S.C. § 1035. On December 8, 2006, a jury found the Petitioner guilty on all three counts contained in the superseding indictment. On April 18, 2007, the trial court sentenced Ms. Kpohanu to serve 97 months on the health care fraud count and 60 months on each of the making false statements counts, with all three sentences to be served concurrently.

4. The United States Attorney Office for the Southern District of Ohio has asked me to respond to the ineffective assistance of counsel claim contained in Ms. Kpohanu's § 2255 motion insofar as the claim relates to attorney-client communications. By and through this Affidavit, I address Ms. Kpohanu's single claim that Counsel failed "to invoke the

current Supreme Court rulings regarding significant sentencing enhancements which were based on factors unproven through submission to the jury."

5. When Ms. Kpohanu made the above statement, the Supreme Court rulings that she was referring to were *Apprendi* and *Blakely*. She argues that I provided ineffective assistance when I failed to utilize these holdings to attack the prison sentence and restitution order she was given by the trial judge. However, I did not reference *Apprendi* and its progeny because it was, and continues to be, inapplicable to Ms. Kpohanu's case. *Apprendi* holds that a judge cannot extend a defendant's sentence beyond the statutory maximum, unless the prosecution alleges in an indictment all of the necessary facts to support the extended sentence, and those facts are submitted to, and accepted by, a jury beyond a reasonable doubt.

6. After *Apprendi,* the Court in its *Blakely* decision invalidated Washington State's sentencing guideline regime, putting the validity of the Federal Sentencing Guidelines in doubt. Subsequently, the Court in its *Booker* decision assessed the constitutional validity of the Federal Sentencing Guidelines and found them to be in violation of the 6th Amendment. To remedy the situation, the Court rendered the Federal Sentencing Guidelines advisory in nature. As a consequence, the *Booker* decision made it clear that the statutory maximums that *Apprendi* referred to were in the statutes themselves.

7. Ms. Kpohanu argues that I should have used *Apprendi* to attack the sentencing enhancements that the judge applied. However, she ignores the *Booker* decision, which was decided prior to the time of her sentencing. Because the Sentencing Guidelines are advisory, the statutory maximums located in the health care fraud statute and the statute forbidding false statements relating to health care are the statutory maximums that *Apprendi* comprehends. Those statutes carry a maximum sentence of 120 months and 60 months, respectively. Ms. Khohanu was sentenced to serve 97 months on the health care fraud charge and 60 months on two charges for making false statements relating to health care, each to be served concurrently. Ms. Kpohanu's sentence was below (health care fraud) or at (false statements) the statutory maximums located in the statutes that she was convicted of violating, making *Apprendi* and its progeny inapplicable to Ms. Kpohanu's case. For this reason, I never made any arguments under the aforementioned cases.

8. Ms. Kpohanu also argues that I should have utilized *Apprendi* to attack the restitution order she received. However, at the time of Ms. Kpohanu's sentencing, the 6th Circuit in its *Sosebee* decision had made it clear that *Apprendi* and *Booker* did not affect restitution orders because there are no statutory maximums regulating restitution orders. Therefore, there was no reason to make the argument that Ms. Kpohanu suggests.

9. To conclude, it was, and continues to be, my legal opinion that the arguments Ms. Kpohanu suggests are erroneous under the law. Therefore, I believe my legal representation was effective.

2

FURTHER AFFIANT SAYETH NAUGHT.

_____
Kort W. Gatterdam

Sworn to and subscribed before me this 20th day of December, 2011.

_____
Notary Public

KARLA LEBEAU
NOTARY PUBLIC
STATE OF OHIO
Comm. Expires
July 10, 2015

3