**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OHIO
COLUMBUS DIVISION**

FILED
JAMES BONINI
CLERK
2012 MAR 12 AM 11:48
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| WILMA KPOHANU,  ) | |
| Movant,  ) | |
|  ) | CRIMINAL ACTION NO: |
|  ) | **2:05-CR-00250-GLF-2** |
|  ) | CIVIL ACTION NO: |
| Vs.  ) | **211-CV-00903** |
|  ) | |
| UNITED STATES OF AMERICA,  ) | |
| Respondent.  ) | |

COMES NOW MOVANT WILMA KPOHANU, and submits the following traverse to the government's response to her Section 2255 motion1 This traverse includes and incorporates by reference the factual allegations, verified pursuant to 28 U SC § 1746, pursuant to 28 USC §1746, and the legal argument set forth in Ms. Kpohanu Section 2255 motion.

ISSUES PRESENTED

KPOHANU HAS IN FACT AND LAW STATED A
PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE
OF COUNSEL IN THE SENTENCING PROCESS

---

References to this response will hereinafter be "Govt. Resp. [page References to Ms. Kpohanu Section 2255 motion will be denominated "Section 2255 Motion [page or paragraph]". Unless otherwise indicated any references to paragraphs in the Section 2255 motion will refer to the numbered paragraphs of the "Statement of Claim" of the motion.

- 1

CLAIM NUMBER ONE

Ms. Kpohanu restates, repleads, and realleges the facts, pleadings) and allegations set forth in 1-4 herein

Ms. Kpohanu contends that trial counsel rendered ineffective assistance of counsel based on his failure to: 1) challenge the leader/organizer enhancement, and the abuse of a position of trust enhancement, 2) allege that the government had not met its burden of proof for the leader/organizer enhancement and Abuse of a position of trust enhancement. As a result her sentence is violative of her Sixth Amendment constitutional right to effective assistance of counsel in the sentencing and direct appeal process as hereinafter more fully appears.

Ms. Kpohanu conviction and/or sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in preparation of the sentencing and in the sentencing process as hereinafter more fully appears.

1.) Counsel's omissions set forth in this traverse were based on an incomplete investigation of the law relevant to Ms. Kpohanu trial and sentencing process.

2.) Counsel could have but did not investigate <u>United States v.Maliszewski</u>, 161 F 3d 992; 1998 US App LEXIS 30838 (6th Cir 1998) and authorities therein which hold that, in order to preserve objection to sentencing guideline errors, "contemporaneous" objection must be made, Kpohanu herein raises again the claim regarding presenting the factors utilized to enhance her sentence as to her assessment of role as Organizer, or that she Abused a position of Trust in the commission of her offense.

3.) Counsel's omissions set forth in this traverse were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Ms. Kpohanu during the sentencing process.

- 2

4.) Counsel's omissions set forth in the record were the result of counsel's abdication of the duty and responsibility to advocate Ms. Kpohanu case and cause during the sentencing process.

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review; however, an ineffective assistance of counsel claim is not subject to the procedural default rule. <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003). An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal.

Ms. Kpohanu asserts that she was prejudiced from the unprofessional omissions of counsel, set forth in the record, because, absent said omissions, there is a reasonable probability that the outcome of sentencing process would have been different.

CLAIM NUMBER TWO

KPOHANU HAS IN FACT AND LAW STATED A
PRIMA FACIE CASE OF WAS IMPROPER EHANCEMENT
OF FOUR POINTS FOR ORGANIZER UNDER 3B1.1

Ms. Kpohanu restates, repleads, and realleges the facts, pleadings, and allegations set forth in 1-12 herein.

5.) Counsel could have but did not provide available and persuasive authority in support of argument against enhancement for role in the offense at sentencing.

6.) Kapohanu argues that the sentencing enhancements for being an organizer and abusing a position of trust were unconstitutional. She claims that because these enhancements relied on facts not alleged in the indictment, not

submitted to a jury, and not proven beyond a reasonable doubt, the enhancements should be vacated.

In, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Apprendi v. New Jersey, 530 U.S. 466, 490 the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The question that Apprendi forces the Court to answer is whether "the required finding expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Id.* at 494, 120 S.Ct. 2348.

In general, the government bears the burden of proving, by a preponderance of evidence, the facts necessary to enhance a defendant's offense level under the Sentencing Guidelines. See United States v. Burnett, 16 F.3d 358, 361 (9th Cir.1994).

However, when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction, due process requires that the government prove the facts underlying the enhancement by clear and convincing evidence. See United States v. Jordan, 256 F.3d 922, 926 (9th Cir.2001).

7.) Counsel could have but did not provide available and persuasive authority in support of argument against enhancement for role in the offense on direct appeal

8.) Counsel's omissions set forth in the record were based on an incomplete investigation of the law relevant to Ms. Kpohanu sentencing process. He could have, but failed to investigate relevant case law relevant to

9.) Counsel's omissions set forth in 7-10 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Ms. Kpohanu__ during the sentencing and direct appeal process.

- 4 -

10.) Counsel's omissions set forth in 7-12 were the result of counsel's abdication of the duty and responsibility to advocate Ms. Kpohanu case and cause during the sentencing and direct appeal process.

11.) Ms. Kpohanu was prejudiced from the unprofessional omissions of counsel as set forth in because, absent said omissions, there is a reasonable probability that the outcome of her sentencing and direct appeal process would have been different. More specifically, but for counsel's unprofessional omissions there is a reasonable probability that either the District Court would have granted objection to the role in the offense enhancement or the Court of Appeals would have granted the appeal of the denial of the objection and Ms. Kpohanu would have been subject to a lesser sentencing exposure.

12.) Ms. Kpohanu was prejudiced from the unprofessional omissions of counsel, set forth in this travers because said omissions undermine confidence in the reliability of his sentencing and direct appeal process.

CLAIM NUMBER THREE

KPOHANU HAS IN FACT AND LAW STATED A
PRIMA FACIE CASE OF IMPROPER EHANCEMENT
OF FOUR POINTS FOR ABUSE OF A POSITION OF TRUST

U.S.S.G. § 3B1.3. The determination of whether a defendant occupied a position of trust that would warrant this enhancement is assessed from the perspective of the victim of the crime. See United States v. Zaragoza, 123 F.3d 472, 481 (7th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 317, 139 L.Ed.2d 245 (1997); United States v. Mackey, 114 F.3d 470, 475 (4th Cir.1997); United States v. Castagnet, 936 F.2d 57, 62 (2d Cir.1991); United States v. Hill, 915 F.2d 502, 506 n. 3 (9th Cir.1990). "For the enhancement to apply, defendant must have been in a position of trust with respect to the victim of the crime," United States v. Ragland, 72 F.3d 500, 502 (6th Cir.1996) (emphasis added), and "the position of trust must have contributed in some significant way to facilitating the commission

- 5 -

or concealment of the offense," U.S.S.G. § 3B1.3, comment. (n.1); "[s]uch persons generally are viewed as more culpable," id. comment. (backg'd.).

In the fraud context, section 3B1.3 has been recognized to apply in two situations: (1) "where the defendant steals from his employer, using his position in the company to facilitate the offense," and (2) "where a 'fiduciary or personal trust relationship exists' with other entities, and the defendant takes advantage of the relationship to perpetrate or conceal the offense." United States v. Koehn, 74 F.3d 199, 201 (10th Cir.1996) (quoting United States v. Brunson, 54 F.3d 673, 677 (10th Cir.1995)). This case involves the latter category.

Because "there is a component of misplaced trust inherent in the concept of fraud," United States v. Mullens, 65 F.3d 1560, 1567 (11th Cir.1995), cert. denied, 517 U.S. 1112, 116 S.Ct. 1337, 134 L.Ed.2d 487 (1996), a sentencing court must be careful not to be "overly broad" in imposing the enhancement for abuse of a position of trust or "the sentence of virtually every defendant who occupied any position of trust with anyone, victim or otherwise" would receive a section 3B1.3 enhancement, United States v. Moored, 997 F.2d 139, 145 (6th Cir.1993). 16 See Koehn, 74 F.3d at 201 ("In every successful fraud the defendant will have created confidence and trust in the victim, but the sentencing enhancement is not intended to apply in every case of fraud."); United States v. Boyle, 10 F.3d 485, 489 (7th Cir.1993) ("Whether someone occupies a 'position of trust' for purposes of § 3B1.3 does not turn on simple categories that might be used to characterize the relationship. Therefore, the sentencing court must look beyond descriptive labels to the actual nature of the relationship and the responsibility the defendant is given.").

In analyzing whether section 3B1.3 applies in a fiduciary or personal trust situation, sentencing and reviewing courts must "distinguish between those arms-length commercial relationships where trust is created by the defendant's personality or the victim's credulity, and relationships in which the victim's trust is based on defendant's position in the transaction." Koehn, 74 F.3d at 201; see Mullens, 65 F.3d at 1567 ("Fraudulently inducing trust in an investor is not the same as abusing a bona fide relationship of trust with that investor.").

- 6

The "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

The defendant has a right to have a jury of his peers decide whether he is guilty of all of the elements of the more aggravated offense. See Apprendi, 530 U.S. at 476-77, 120 S.Ct. 2348.

Kpohanu submits that (1) there was an error (2) that was plain, (3) that affected her substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings per the court in United States v. Martin, 520 F.3d 656, 658 (6th Cir. 2008). She submits that the enhancements were not presented to the jury, therefore were not found by the jury and counsel did not hold the government to the requisite preponderance of proof to have the enhancements added to her guideline calculation.

Based on all of the foregoing, this Court should find that Ms. Kpohanu has in fact and law stated a prima facie claim of ineffective assistance of counsel in the plea and sentencing process.

MATERIAL FACTUAL DISPUTES EXIST IN THIS CASE
WHICH MANDATE THE COURT TO GRANT AN
EVIDENTIARY HEARING

Title 28, United States Code, Section 2255 provides that a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released or for reduction of sentence may move the court which

imposed the sentence to vacate, set aside or correct the sentence This section also provides as follows:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.. "

28 US C §2255 2

The district court may enter an order for the summary dismissal of Section 2255 motion only "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court " Rule 4, Rules Governing Section 2255 Proceedings Summary dismissal is appropriate only where the allegations in the motion are "vague [or] conclusory" or "palpably incredible", *Hendricks 'v. Vasquez,* 908 F 2d 490 (9th Cir 1990) (quoting *Blackledge v. Allison,* 431 US 63, 75-76, 97S Ct 1621, 1629-30, 52 LEd 2d 136 (1977) *(quotingMachiboda v. United States,* 368 US 487,495, 82 S Ct 510, 514, 7 LEd 2d 473 (1962)), or "patently frivolous or false " *Id* at 76, 97 S Ct at 1630 (quoting *Pennsylvania ex rel. Herman v. Claudy,* 350 US 116, 119, 76 S Ct. 223, 225,100 LEd. 126 (1956)); J Liebman and R Hertz, *Federal Habeas C01pus Practice and Procedure,* § 41 5b [n 9), § 416d [n. 10-13] (3rd Ed 1998).

---

2See also *United States v. Galloway,* 56 F.3d 1239, 1240 [n.I] (lOth Cir 1995) (en banc) (A hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief") and *Ciak v. United States,* 59 F 3d 296, 306-07 (2nd Cit1995) (District Court should have granted evidentiary hearing because movant "alleged facts, which,. if found to be true, would have entitled him to *habeas* relief') and *Shaw v. United States,*24 F 3d 1040, 1043 (8th Cir 1994) (District Court erred by denying evidentiary hearing on allegations of ineffective assistance of counsel that were neither inadequate on their face nor conclusively refuted by the record) and *United States v. Blaylock,* 20 F.3d 1458, 1465 (9th Cir 1994) (evidentiary hearing required unless § 2255 motion, files, and trial record "conclusively show" Movant entitled to no relief) and *Virgin Islands v. Weathetwax,* 20 F3d 572, 573 (3rd Cir 1994) (Movant entitled to evidentiary hearing on ineffective assistance of counsel claim where facts viewed in light most favorable to Movant would entitle him to relief) and *United* States v *Magini,* 973 F.2d 261, 264-65 (4th Cir 1992) (Movant entitled to evidentiary hearing when motion presented colorable claim and material facts beyond the record are in dispute) and Stoia v United States, 22 F3d 766, 768, ( 7 Cir. 1994 ) (same) and J. Liebman and R. Hertz, Federal Habeas Corpus Practice and Procedure, Section 415b [n.9] Section 416d [n. 10-13] 3rd. ED 1998(same).

Where the Court considers matters beyond the pleadings, Rule 56 of the Federal Rules of Civil Procedure is applicable to the proceedings by virtue of Rule 11 of the Rules Governing Section 2255 Proceedings Allen v. Newsome, 795 F.2d 934, 938 [n. 11] (11th Cir.1986) (construing analogous Rule 11 of the Rules Governing Section 2254 Proceedings); Balogun 1 INS, 9 F3d 347, 352 (5th Cir 1993) (District Court erred in dismissing petition on basis of exhibits attached to respondents' answer without first giving Movant "notice that he was considering recommending summary judgment in favor of respondents [and] time to reply to respondents' memorandum"); McBride v. Sharp, 981 F.2d 1234, 1235-36 (11th Cir) *(per curiam), vac'd and reh'g en banc granted,* 999 F 2d 502, *rev'd,* 25 F 3d 962 (11th Cir) *(en banc), cert. denied,* 513 US 990 (1994) ("When a district court considers matters outside of the pleadings in rendering judgment, the action is in the nature of an order granting summary judgment, and the court must comply with the summary judgment notice requirements of Federal Rule of Civil Procedure 56(c)," including the 10-day notice rule).

Under Rule 56 of the Federal Rules of Civil Procedure summary judgment is *not* appropriate where, viewing the evidence in the light most favorable to the non-moving party, the factual allegations are sufficient to permit a reasonable fact finder to conclude that the Section 2255 movant has stated a viable claim for

---

Federal Habeas Corpus Practice and Procedure, §41 5b [n 9], § 41 6d [n 10-13] (3rd Ed..1998 (same). Where a case presents extra record material factual issues which turn upon a credibility determination of the witnesses, such as where opposing affidavits are submitted, the District Court cannot make the credibility determination by simply choosing between the affidavits without an evidentiary hearing. Daniels v. United States, 54 F 3d 290 (7th Cir 1995); Castillo v. United States, 34 F 3d 443, 445 (7th Cir 1994) ("[A] determination of credibility cannot be made on the basis of an affidavit "); United States v. Stuflle, 1997 U S App.

relief, Teague v. Scott, 60 F3d 1167, 1171-72 (5th Cir 1995); Meyers v. Collins, 8 F.Jd 249, 252-53 (5th Cir 1993); Cain v. Smith, 686 F2d 374, 380 [n10] (6Cir 1982). LEXIS 21010 (4th Cir.1997) (citing Williams v. Griffin, 952 F 2d 820, 823 (4th Cir 1991); United States v. Grist, 1998 US App LEXIS 20199 (l0th Cir. 1998) (citing Machibroda v. United States, 368 US 487, 494 95 (1962) and citing Moore v. United States, 950 F.2d 656, 660-61 (l0th Cir 1991).

Ms. Kpohanu has demonstrated that the government does not rebut all material allegations of his claims To the extent, however, that the factual allegations of Ms. Kpohanu statements have been rebutted by extra-record material, this mandates further factual development in the form of either discovery or an evidentiary hearing as set forth in the 28 U.S C. § 2255, Rule 4 of

---

3 This is to say, material factual issues which are not part of the "files and records" of the criminal case underlying the Section 2255 motion See also United States v. Chacon-Palomares, 208 F3d 1157, 1159 (9th Cir 2000) (same); Smith v. McCormick, 914 F 2d 1153, 1170 (9th Cir. 1990) (same); United States v. Giardino, 797 F.2d 30, 32 (1st Cir 1986) (same); Lindhorst v. United States, 585 F 2d 361, 365 (8th Cir: 1978) (same); United States v. Broomfield, 2002 US. Dist LEXIS 318 (D KS 1-9-02) (Defendant entitled to evidentiary hearing on claim that counsel did not advise him of availability of sentence reduction under «Safety Valve", where claim supported by declaration and referred to matters outside files and records of the case) This is just as true where an affidavit is submitted by prior counsel opposing the defendant's sworn factual allegations in an ineffective assistance of counsel claim ld Simply stated, "[t]he district court cannot prefer the lawyer's affidavit to Appellant's verified pleadings without a hearing." United States v. Stuffle, 1997 US. App LEXIS 21010 (4th Cir: 1997) "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive" !d. (quoting Raines v. United States, 423 F.2d 526, 529-530 (4th Cir 1970) (citing Machibroda v. United States, 368 US 487 (1962); Tyler v. United States, 1999 U.S App. LEXIS 13621 (6th Cir 1999) (remanding for evidentiary hearing where defendant's claim supported solely by his affidavit which was in turn contradicted by affidavit of prior counsel); Figueroa-Almonte v. United States, 1990 US App. LEXIS 16941 (1st Cir. 1990) (same); United States v. Hultado, 2003 U.S App. LEXIS 7894 (2nd Cir. 4-24-03) (same}In the government brief their attorney has argued that Mr. Kpohanu Section 2255 motion should be denied because the affidavit of Counsel allegedly contradicts and assertedly is more believable than the specific, sworn, factual allegations of rvlr Kpohanu in the Statement of Claim of her Section 2255 motion.

Ms. Kpohanu has demonstrated that the government does not rebut all material allegations of his claims To the extent, however, that the factual allegations of Ms. Kpohanu statements have been rebutted by extra-record material, this mandates further factual development in the form of either discovery or an evidentiary hearing as set forth in the 28 U.S C. § 2255, Rule 4 of the Rules Governing Section 2255 Proceedings, and the case law cited above Ms. Kpohanu has requested an evidentiary hearing to resolve extra-record material factual issues as part of his original Section 2255 motion She also requested leave of the Court to conduct discovery and has renewed that request by motion included with this traverse.

The extra-record facts have now been put in issue by the government's response to Ms. Kpohanu Section 2255 motion and Ms. Kpohanu has enumerated the disputed issues of material fact in this traverse. The disputed issues cannot be determined from either the files and records of this case or from the Court's recollection of events because they occurred outside the courtroom and outside the presence of the Court Since both the plain language of 28 US C §2255 and case law construing this section mandate that the material factual disputes be resolved as part of the Court's determination of the Section 2255 motion, the Court should either grant an evidentiary hearing on the basis of the present record or grant Ms. Kpohanu leave to employ the processes of discovery.

Based on all of the foregoing, this Court should find that material factual disputes exist in this case which mandate the Court to grant an evidentiary hearing.

## CONCLUSION

Based on all of the foregoing, Movant Kpohanu respectfully asks this Honorable Court to:

- 11 -

A) FIND that the government opposition to his Section 2255 motion is not well taken; and,

B) **ORDER** an evidentiary hearing as set forth and requested in her Section 2255 motion so that she can prove her case.

Respectfully Submitted,

this,    day of February, 2012.

_____

WILMA KPOHANU,

#66786-061

Movant pro se
Federal Prison Camp
Glen Ray Rd. Box A
Alderson, West VA. 24910

# CERTIFICATE OF SERVICE

Case No. 2:05-cr-250

Case No. 2:11-cv-902

WILMA KPOHANU, MOVANT in the foregoing action, do hereby certify that on this 16th day of January, 2012, I have served a true and correct copy of the following;

MOVANTS REPLY TO GOVERNMENTS RESPONSE

Upon all parties involved in the matter, to wit:

Mr. DOUGLAS W. SQUIRES

Assistant United States Attorney

303 Marconi Boulevard

Suite 200

Columbus, Ohio 43215

with sufficient postage attached thereupon to carry same to its destination.

Dated this ____ day of January, 2012.

Respectfully Submitted,

Wilma Kpohanu
Fed. Reg. No: 66786-061
Federal Prison Camp
Glen Ray Road Box A
Alderson, West VA. 24910